# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 7, 2020

Lyle W. Cayce
Clerk

No. 20-50405
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

COREY DAMONT JEFFERSON,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-317-1

———————————————————

Before STEWART, GRAVES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

Corey Damont Jefferson, federal prisoner # 83703-380, seeks to proceed in forma pauperis (IFP) on appeal of the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We construe Jefferson's IFP motion as a challenge to the district court's certification that

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the good faith of the appeal "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

On the motion of either the Director of the Bureau of Prisons (BOP) or a prisoner, § 3582(c)(1)(A) permits a court to reduce the prisoner's term in prison after considering the applicable 18 U.S.C. § 3553(a) factors, if, inter alia, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Following the First Step Act of 2018, a prisoner may raise a § 3582(c)(1)(A) motion if he has exhausted his administrative rights to appeal the BOP's failure to bring such a motion or has waited 30 days after the warden's receipt of the request, whichever is earlier. *Id.*; *see* First Step Act of 2018, Pub. L. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. Jefferson alleged that he exhausted his administrative remedies before filing his § 3582(c)(1)(A) motion. Although the district court did not address exhaustion, this court has held that exhaustion is not jurisdictional although it is mandatory. *See United States v. Franco*, ____ F.3d ____, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020). Accordingly, and because the case is easily resolved on the merits, we need not determine whether the case should have been dismissed on procedural grounds. *Cf. United States v. Gonzalez*, No. 19-50305, 2020 WL 5352078, at *1 n.1 (5th Cir. Sept. 4, 2020) (unpublished).

We review for abuse of discretion a district court's decision to deny compassionate release despite a prisoner's eligibility. *United States v. Chambliss*, 948 F.3d 691, 693 & n.2 (5th Cir. 2020); *see also* U.S.S.G. § 1B1.13(1)(A), p.s. We have not addressed the standard of review in a case where, as in this matter, the district court found the prisoner ineligible.

However, the district court additionally denied relief on basis of the § 3553(a) factors, implicitly presuming eligibility, as in *Chambliss*. In denying Jefferson's motion, the district court considered the § 3553(a) factors of the nature and circumstances of the offense, Jefferson's history and characteristics, the need to provide just punishment for the offense, and the need to deter criminal conduct. Jefferson has failed to show that the district court's analysis arose from an error of law or a clearly erroneous assessment of the evidence. *See Chambliss*, 948 F.3d at 694. Although, as in *Chambliss*, Jefferson may disagree with how the district court balanced the § 3553(a) factors, his disagreement provides an insufficient ground for reversal. *See id.*

Jefferson also seeks a certificate of appealability to challenge the district court's denial of his § 3582(c)(1)(A) motion. Because a certificate of appealability is not required to appeal the denial of a § 3582(c)(1)(A) motion, we DENY the motion as unnecessary. *See* 28 U.S.C. § 2253.

Jefferson's arguments for appeal are not without arguable legal merit, although they ultimately fail to persuade, and he meets the financial eligibility requirements. *See* § 1915(a)(1); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *Howard*, 707 F.2d at 220. We therefore GRANT his motion to proceed IFP on appeal. Nonetheless, because Jefferson has also failed to show that the district court abused its discretion in denying his § 3582(c)(1)(A) motion after weighing the § 3553(a) factors, we AFFIRM the decision of the district court.